UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------X

JOHNNIE PETWAY,

           Plaintiff,　　　　　　　　　　　　　　　**ORDER**
                                                    **10 CV 1048 (ARR)(LB)**

- against -

CITY OF NEW YORK; POLICE OFFICER
CHRISTOPHER DEDE – SHIELD No. 7347;
JAMES, *NYPD*; and SERGEANT ADAM
KASZOVITZ – SHIELD No. 4332,

           Defendants.

-----------------------------------------------------------X

**BLOOM, United States Magistrate Judge:**

       On November 29, 2010, the Court ordered plaintiff to show good cause in writing why he failed to respond to defendants' discovery requests, or to serve his discovery responses on defendants' counsel and inform the Court in writing that he had done so by December 15, 2010. (Document 23.)  By letter dated December 27, 2010, defendants inform the Court that plaintiff hand delivered his discovery responses on December 16, 2010, but did not file notice of this production with the Court as directed. (Document 24.) Defendants' counsel states, "[w]hile plaintiff has now responded to defendants' discovery demands, which were originally served on [him] on September 14, 2010, plaintiff has failed to comply in a timely fashion, failed to comply with your Honor's Court Ordered deadline of December 15, 2010 to respond, and has also failed to inform the Court of his response." (Id.) Defendants request a two-month extension to complete discovery. Defendants' request for an extension of the discovery and pre-motion conference letter deadlines is granted.  The Court sets March 21, 2011 as the deadline for the parties to

complete *all* discovery in this matter. If defendants intend to move for summary judgment, counsel shall write to Judge Ross by April 4, 2011 to request a premotion conference.

Although I will not recommend dismissal on this record, plaintiff is warned that if he fails to comply with his discovery obligations again, I will recommend that this case should be dismissed. This is plaintiff's case to vindicate his rights, and the Court will not tolerate any further failure by plaintiff to obey Court orders in the future. The Court explicitly warns plaintiff that he must timely appear when defendants' counsel notices his deposition. If plaintiff cannot attend his deposition on the given date, he must immediately contact defendants' counsel to reschedule. He cannot ignore the deposition notice or call to cancel the deposition on the eve of the scheduled date. If plaintiff fails to timely appear for his deposition when noticed, I shall recommend that this case should be dismissed under Fed. R. Civ. P. 37(b)(2)(A)(v). See Agiwal v. Mid Island Mortgage Corp., 555 F.3d 298 (2d Cir. 2009)(per curiam)(upholding the district court's dismissal of *pro se* plaintiff's case pursuant to Rule 37 where plaintiff failed to comply with the Court's orders); Bobal v. Rensselaer Polytechnic Inst., 916 F.2d 759 (2d Cir. 1990) (affirming dismissal of action, pursuant to Fed. R. Civ. P. 37, for *pro se* plaintiff's refusal to appear at deposition).

SO ORDERED

/Signed by Judge Lois Bloom/
LOIS BLOOM
United States Magistrate Judge

Dated: December 28, 2010
      Brooklyn, New York