UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------- X

JOHNNIE L. PETWAY

                Plaintiff,

-against-

CITY OF NEW YORK, POLICE OFFICER
CHRISTOPHER DEDE, SERGEANT ADAM
KASZOVITZ, and "JOHN" JAMES (first name unknown)

                Defendants.

------------------------------------------------------------------- X

10-CV-1048 (ARR) (LB)

NOT FOR ELECTRONIC
OR PRINT PUBLICATION

OPINION AND ORDER

ROSS, United States District Judge:

On June 27, 2012, Plaintiff filed a motion for reconsideration of this court's June 14, 2012 order granting in part and denying in part the defendants' motion for summary judgment. Dkt. #46, 61, 63. "The standard for granting such a motion is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked-matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." Shrader v. CSX Transp., Inc., 70 F.3d 255, 257 (2d Cir. 1995); see also In re Salomon Winstar Litig., No. 02 Civ. 6171, 2006 WL 510526, at *1 (S.D.N.Y. Feb. 28, 2006) ("Reconsideration . . . is appropriate only where there is an intervening change of controlling law, newly available evidence, or the need to correct a clear error or prevent manifest injustice.").

Plaintiff contends that dismissal of his state law claims was inappropriate because he did, in fact, file a notice of claim pursuant to New York Municipal Law §§ 50-e and 50-i. Dkt. #63, at 1-3. In addition, he challenges the dismissal of his claims against municipal defendant New

1

York City, asserting for the first time that a "practice of stopping and frisking" based on racial profiling "has been sanctioned by and ordered by [the] municipality." Dkt. #63, at 6. However, "[a] motion for reconsideration is not an opportunity for a losing party to advance new arguments to supplant those that failed in the prior briefing of the issue." In re Refco Capital Mkts., Ltd. Brokerage Customer Sec'y Litig., Nos. 06 Civ. 643(GEL), 07 Civ. 8686(GEL), 07 Civ. 8688(GEL), 2008 WL 4962985, at * 1 (S.D.N.Y.) (Nov. 20, 2008). Plaintiff's new allegations therefore do not constitute an adequate basis for reconsideration.

In addition, plaintiff challenges the termination of "John (First name unknown) James" as a defendant in this action. Dkt. # 63, at 7. However, plaintiff's allegations against this defendant related solely to his conditions of confinement at the 79th precinct, and the court dismissed in its entirety plaintiff's claim that the defendants subjected him to unconstitutional conditions of confinement. Dkt. #61, at 13-15. Because there are no remaining claims against James, his termination from the suit was proper. Finally, plaintiff asserts that he never accepted an adjournment in contemplation of dismissal (ACD). Dkt. #63, at 3-5. However, whether or not plaintiff accepted an ACD was irrelevant to the resolution of any of plaintiff's claims on summary judgment.

Plaintiff's motion for reconsideration is therefore denied.

SO ORDERED.

S/Judge Ross

_____
Allyne R. Ross
United States District Judge

Dated:    October 12, 2012
              Brooklyn, New York

COPY FORWARDED TO:

Johnnie L. Petway
556 Gates Avenue
Brooklyn, NY 11221